# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**ELISHIA ROSS**                                                                                        **PLAINTIFF**

v.                                                                                                   No. 3:23-cv-283-BJB

**JEFF HARVEY SALES**                                                                             **DEFENDANT**

\*\*\*

## OPINION & ORDER

Elishia Ross allegedly purchased a defective car from Jeff Harvey Sales. Complaint (DN 1-2) ¶¶ 6–13. She says Jeff Harvey Sales accepted her return but refused to give her a refund; instead it sold the car and kept the proceeds. ¶¶ 14–23. The car apparently cost about $8500, and Ross also seeks an unspecified amount of attorney fees and costs.

So why is this lemon lawsuit in federal court? In short, because Jeff Harvey Sales removed it based on Ross's federal claim under the Magnusson-Moss Act. But the car dealer failed to read the fine print: that statute, unlike most federal laws, contains its own amount-in-controversy requirement limiting the federal courts' jurisdiction. Because Ross's requested relief falls short of $50,000, the Court must remand the suit to state court.

Whether to also order Jeff Harvey Sales to pay for her expenses in re-routing the case is a close question. On the one hand, defense counsel lacked any legal or practical justification for removing; before doing so he admittedly didn't consider the amount in controversy or check the statute. On the other hand, federal-question removal normally doesn't involve a statute with its own jurisdictional threshold; the amount in controversy probably isn't top of mind for most lawyers taking a federal suit to federal court. (Though perhaps used-car defense lawyers should familiarize themselves with the Magnusson-Moss Act.) So the Court declines to award Ross costs and attorney fees because counsel's decision, while wrong, was not objectively unreasonable.

**A. Remand.** Ross sued Jeff Harvey Sales in Jefferson County Circuit Court for breach of contract, breach of warranty, fraud and misrepresentation, and a violation of the Kentucky Consumer Protection Act. She also included a claim under the Magnusson-Moss Act, which authorizes "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any … written warranty, implied warranty, or service contract" to sue "in an appropriate district court of the United States." 15 U.S.C. § 2310(d).

Based on the federal claim and 28 U.S.C. § 1331, Jeff Harvey Sales promptly removed the case to federal court. Notice of Removal (DN 1) ¶ 3. Unfortunately for

Jeff Harvey Sales, the Magnusson-Moss Act is one of the relatively rare federal statutes that includes an amount-in-controversy requirement. *See generally* Wright & Miller, FED. PRAC. & PRO., § 3701 (Although "several other federal statutes" carry an amount-in-controversy requirement, "the range of statutes that provide for federal question jurisdiction regardless of the amount in controversy is extremely extensive.") (cleaned up). Unbeknownst to defense counsel (who admitted as much during the remand hearing), the statute goes on to explain that "no claim shall be cognizable" in federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B).

Is Ross seeking at least $50,000 in damages? Typically, "the amount claimed by a plaintiff in his complaint determines the amount in controversy." *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920–21 (6th Cir. 2000). But Kentucky law prohibited Ross from specifying the amount of damages she seeks in her complaint. *See* Ky. R. Civ. P. 8.01(2) ("In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages…").[1] Federal law accounts for this situation, at least in diversity cases: if "State practice … does not permit demand for a specific sum," then "the notice of removal may assert the amount in controversy," so long as the defendant can prove that assertion "by the preponderance of the evidence." 28 U.S.C. § 1446(c).

Jeff Harvey Sales' removal notice didn't "assert the amount in controversy" or state that the amount exceeded the threshold, much less allude to any evidence in support. True, this is not a diversity case, so § 1446(c) does not apply by its terms. But no other statute or rule (at least none that the parties have flagged) addresses this procedural question for the vanishingly small subset of "federal question plus a damages threshold" cases. And as the party who removed, Jeff Harvey Sales has the burden of establishing that this Court has jurisdiction. *Heyman v. Lincoln National Life Ins. Co.*, 781 F. App'x 463, 468 (6th Cir. 2019). Even assuming § 1446(c) doesn't strictly control removal procedure under the Magnusson-Moss Act, remand is warranted unless Jeff Harvey Sales—as the party invoking this Court's limited jurisdiction—can carry its burden of showing the amount in controversy is not "less

---

[1] A plaintiff who hasn't previously articulated an amount in controversy may stipulate—even after removal—"to a claim less than the federal jurisdictional amount" so long as the stipulation is clear and unequivocal. *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014). Ross declined to do so here. After the magistrate judge ordered the parties to "confer privately regarding [a] resolution" to Ross's motion to remand (DN 14), Ross informed Jeff Harvey Sales that her "damages at the time the Complaint was filed [totaled] $35,000.00." DN 15-1 at 6. This nearly mooted the motion and sent the case back to state court months earlier. But Ross refused to "unequivocal[ly]" stipulate that she would cap her recovery below the jurisdictional threshold. *See Shupe*, 566 F. App'x at 481; DN 15 at 2–3. At the hearing on this motion, Ross again declined to stipulate that her damages were $35,000, ostensibly to avoid destroying federal jurisdiction so the parties could proceed with an upcoming settlement conference before the magistrate judge. *See* DN 28.

than the sum or value of $50,000 (exclusive of interests and costs)." 15 U.S.C. § 2310(d).

It has not. To start, Ross's Magnusson-Moss claim, standing alone, falls far short of the amount-in-controversy requirement. In this circuit, the amount in controversy for a Magnusson-Moss claim is formulaic: "the price of a replacement vehicle, minus both the present value of the allegedly defective car and the value that the plaintiff received from the use of the allegedly defective car." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 883 (6th Cir. 2005) (quoting *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 406 (7th Cir. 2004)). Ross's contract with the dealership, which was attached to her complaint, identifies the pre-tax cash sale price as $8,495.00. DN 1-2 at 17. That is deemed the cost of a replacement vehicle. *Golden*, 410 F.3d at 885. So the value of her Magnusson-Moss claim is capped at $8,495.00 and is almost assuredly less than that.[2]

How then to account for the $41,505.00 difference between the car value and the jurisdictional minimum? The Magnusson-Moss Act specifies that the amount in controversy rests "on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). The parties appear to agree, consistent with the statutory text, that this amount includes Ross's state-law claims—though precedent casts some doubt on that reading.[3] Assuming the parties are right, Ross's damages reach beyond the $8,495 value of the car. The defense points to Ross's pre-suit arbitration demand, which put the total amount in dispute at $26,000. Response at 4.[4] But that still leaves us $24,000 short. Defense counsel, in the odd position of brainstorming additional sources of liability, suggests punitive damages might fill the gap: "it is well within reason," according to the remand opposition, "that the Plaintiff would seek at least $24,000 in punitive damages." *Id.* at 4–5. This seems to ignore the $17,505 Ross already included in the arbitration demand. But even accepting the dealership's fuzzy math, it still lacks legal support for a punitive damages award of $24,000 to $42,000 on an $8500 used-car sale. Its sole citation is a state-law wrongful-death decision in which the Kentucky Supreme Court held that a 5-1 punitive to compensatory ratio did not violate the due process clause. *Louisville SW Hotel, LLC*

---

[2] The record contains no information about the current value of the car or the value Ross received while she possessed it.

[3] Despite the Act's apparently unconfined reference to "*all* claims to be determined in the suit," the Eleventh Circuit has held that "the amount in controversy for purposes of [the] Act … does not include damages flowing from any pendent state law claim brought by a plaintiff." *Ansari v. Bella Automotive Group, Inc.*, 145 F.3d 1270, 1272 (11th Cir. 1998). The Sixth Circuit appears to have implicitly adopted this view in *Gorno Brothers*, declining to consider the value of the plaintiff's state-law claims when calculating the amount in controversy. *See* 410 F.3d at 881. But the Court of Appeals didn't grapple with the Act's text. *Cf. Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (limiting the precedential heft of "drive-by jurisdictional rulings").

[4] Jeff Harvey Sales did not respond to the arbitration demand. Complaint ¶¶ 30–37.

3

*v. Lindsey*, 636 S.W.3d 508, 520 (Ky. 2021).  Even assuming this says something about the *potential* punitive damages available under federal and Kentucky law, *Lindsey* is silent on the *actual* amount of punitive damages available to Ross.  Estimating punitive damages for jurisdictional purposes requires examining "prior, *similar* cases." *Heyman*, 781 F. App'x at 472–73 (emphasis added).  Jeff Harvey Sales has not identified any.

With all accounts tallied, Jeff Harvey Sales lacks any evidence supporting damages above $50,000.[5]  This is dispositive of the remand question.  A "defendant seeking to remove an action to federal court [must] show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001).  Doing so requires "competent proof"—certainly more than "mere averments" or unsupported arguments. *King v. Househould Finance Corp. II*, 593 F. Supp.2d 958, 959–60 (E.D. Ky. 2009).  Yet "mere averments" are all Jeff Harvey Sales offers; aside from its own say-so, the car dealer's bid is "not supported by any actual evidence bearing on the issue of the amount in controversy." *Id.* at 960.  This "is obviously not enough to permit this Court to find that defendan[t] has established the amount-in-controversy requirement by a preponderance of the evidence." *Id.*

**B. Attorney's fees.**  Ross also seeks costs and fees related to removal.  28 U.S.C. § 1447(c) authorizes a district court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "A defendant lacks an objectively reasonable basis for removal when well-settled case law makes it clear that federal courts lack jurisdiction to hear the case." *A Forever Recovery, Inc. v. Township of Pennfield*, 606 F. App'x 279, 281 (6th Cir. 2015).

Were this a diversity case, Jeff Harvey Sales's no-look removal would clearly be sanctionable.  Federal district courts in Kentucky have repeatedly emphasized that defendants in diversity cases cannot "remove first, ask questions later." *See, e.g.*, *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 947 (E.D. Ky. 2010).  And a simple search of "Magnusson Moss Act" and "amount in controversy" on Westlaw or Lexis

---

[5] The complaint also sought attorney's fees.  DN 1-2 at 12.  Most circuits agree they don't count toward the Magnuson-Moss Act's amount-in-controversy requirement, which excludes "interest and costs." *See Ansari v. Bella Automotive Group*, 145 F.3d 1270, 1271–72 (11th Cir. 1998) (collecting cases).  The Ninth Circuit allows attorney's fees to be included in the amount in controversy when a party asserting jurisdiction identifies a statute authorizing them. *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148, 1150 (9th Cir. 2022).  The Seventh Circuit also counts attorney's fees, but only those incurred "at the time of removal." *Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 845 (7th Cir. 2014).  Jeff Harvey Sales hasn't included Ross's attorney's fees (pre- or post-removal) in its amount-in-controversy calculation or identified a statute authorizing them.

(or even Wikipedia or Bing, for that matter) would have sufficed. Yet how many lawyers would've thought to look in the first place? Few federal statutes include an amount-in-controversy requirement. And nothing suggests Jeff Harvey Sales removed the case for an improper purpose. This dispute has featured sharp elbows on both sides, and the remand briefing—while ultimately unnecessary—could've been more efficient and less acrimonious if the lawyers worked together to narrow the jurisdictional issues. Removal was hardly the only reason this litigation has proved difficult. *See, e.g.*, nn.1, 4 above; DN 15. During this Court's hearing, for example, the Court asked Ross to file a more specific request for a fee award if the parties' settlement conference proved unsuccessful. *See* DN 28. It failed, but she didn't file. That omission provides another reason to deny Ross's request for attorney's fees and expenses: the nature and amount of the request isn't even before the Court.

Ultimately, this case falls within the Court's "considerable discretion" under § 1447(c). *Warthman v. Genoa Township Board of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008). Exercising that discretion, the Court declines to award Ross attorney fees and expenses. Though wrong, the dealership's decision to remove this case was objectively reasonable.

\*\*\*

The Court grants Ross's motion to remand but denies her request for attorney's fees and expenses under § 1447(c).

Benjamin Beaton, District Judge
United States District Court

March 26, 2024